UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH M. ALLEN,

                Plaintiff,

v.

MARK MILLER, *et al*.,

                Defendants.

Case No. C17-1625-JCC-MAT

REPORT AND RECOMMENDATION

### INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Joseph Allen is a state prisoner who is currently confined at the Monroe Correctional Complex (MCC) – Special Offender Unit (SOU). He is proceeding with this civil rights action *pro se* and *in forma pauperis*. Service has not yet been ordered. This matter is before the Court at the present time for screening of plaintiff's amended complaint. Plaintiff indicates in his amended complaint that he wishes to proceed against six defendants. However, this Court concludes that plaintiff has failed to state a claim upon which relief may be granted as to all but one of those defendants. This Court therefore recommends that plaintiff's amended complaint and this action be dismissed as to the five defendants against whom plaintiff has not alleged a viable cause of action, and that plaintiff be permitted to proceed with respect to the remaining defendant.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Plaintiff Joseph Allen submitted his original complaint to the Court for filing on October 31, 2017. (*See* Dkt. 1-1.) Plaintiff appeared to allege therein that he had been retaliated against for filing a complaint under the Prison Rape Elimination Act (PREA) in 2012, and for filing subsequent grievances against staff. (*See* Dkt. 1-1 at 3.) Plaintiff claimed that his television was stolen by corrections staff, apparently in 2012, that corrections staff subsequently seized art materials and artwork, some of which was ultimately destroyed, and that he had been denied good time credit, all in retaliation for filing the PREA complaint and/or for filing grievances against staff. (*Id.*) Plaintiff also alleged in his complaint that the grievance coordinator at MCC refuses to process grievances regarding staff misconduct. (*Id.*)

Plaintiff identified the following individuals as defendants in his original complaint: MCC Correctional Unit Supervisor Mark Miller; Property Sergeant Scott Haukins; Grievance Coordinator Lee Stemler; and, Correctional Counselor Sherry Pendergrass. (*See id*. at 1-2.) Plaintiff requested relief in the form of reimbursement for property that had been stolen and/or destroyed, and an order directing that the grievance program be overhauled, that the policies regarding earned release time and access to legal work be stricken, and that rules governing sexually explicit or violent artwork be changed. (*See id*. at 4.)

Because of deficiencies in plaintiff's original complaint, the Court declined to serve that pleading but granted plaintiff leave to file an amended pleading. (Dkt. 6.) The Court received plaintiff's amended complaint for filing on November 21, 2017. (Dkt. 7.) Plaintiff asserts therein some claims not included in his original complaint, and he identifies two new defendants as well. Specifically, in addition to his claims of retaliation, destruction of personal property, and deficiencies in the grievance process, plaintiff also asserts an access to courts claim in his amended

REPORT AND RECOMMENDATION - 2

complaint as well as a claim that one defendant made improper comments to him. (*See* Dkt. 7 at 3-4.) Plaintiff identifies Grievance Coordinator Pete Maxson and Property Corrections Officer (C/O) Wray as additional defendants in his amended complaint. (*See id*. at 1-2.) Plaintiff appears to seek damages for his lost artwork. (*See id*. at 5.) Plaintiff also asks that the policies regarding violent and sexually explicit artwork be updated, and that the grievance program be fixed or returned to its original form circa 1984. (*See id*.)

As will be explained in more detail below, plaintiff has not adequately alleged any cause of action against defendants Haukins, Stemler, Maxson, Wray or Pendergrass and, thus, those defendants, and the claims asserted against them, should be dismissed from this action. Plaintiff has arguably identified viable claims against defendant Miller and he should therefore be permitted to proceed on those claims.

<u>Section 1983 Standard</u>

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

/ / /

REPORT AND RECOMMENDATION - 3

<u>Defendant Mark Miller</u>

Plaintiff asserts in his amended complaint that defendant Mark Miller had all of plaintiff's artwork removed from his cell, and ultimately destroyed, in retaliation for plaintiff having filed a PREA complaint against another officer who was subsequently dismissed and for filing a grievance against defendant Miller concerning the artwork and plaintiff's art supplies. (*See* Dkt. 7 at 3.) Plaintiff also claims that defendant Miller violated his First Amendment right to freedom of expression, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to equal protection when defendant Miller destroyed the artwork which plaintiff created in an art program intended to treat plaintiff's schizophrenia. (*Id*.) Plaintiff asserts that though defendant Miller tried to claim that the artwork was sexually explicit or violent, other institutional officials disagreed and actually instructed defendant Miller to return the artwork, which defendant Miller refused to do. (*Id*.)

While some of plaintiff's constitutional claims against defendant Miller are, arguably, somewhat tenuous, plaintiff has alleged sufficient facts to call into question the constitutionality of defendant Miller's conduct and, thus, plaintiff should be permitted to proceed on all claims asserted against defendant Miller at this time.

<u>Defendants Pete Maxson and Louise Stemler</u>

Plaintiff alleges in his amended complaint that defendants Pete Maxson and Louise Stemler, whom plaintiff identifies as grievance coordinators, refuse to "follow through" on grievances concerning staff misconduct and improperly administer the grievance program at MCC. (*See id*.) Plaintiff's claims against defendants Maxson and Stemler, in addition to being conclusory in nature, simply do not implicate federal constitutional concerns. A prisoner plaintiff does not have a constitutional right to a grievance process, and therefore any claim alleging denial of access

REPORT AND RECOMMENDATION - 4

to the grievance process fails to state a claim for relief under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding a prisoner did not have a claim for a loss of liberty regarding the processing of his grievances because inmates lack a separate constitutional entitlement to a specific grievance procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner does not have a claim for entitlement to a grievance procedure). As there is no § 1983 claim for failure to provide access to a grievance process, plaintiff cannot state a viable claim for relief against defendants Maxson and Stemler based upon the way in which they administer the grievance program.

<u>Defendant Scott Haukins</u>

Plaintiff asserts in his amended complaint that defendant Scott Haukins, whom plaintiff identifies as the main property officer at MCC, improperly disposed of plaintiff's personal property, including a television and plaintiff's "in cell hobby materials." (*See* Dkt. 7 at 3-4.) Plaintiff claims that defendant Haukins' conduct violated his rights under the First, Fifth and Eighth Amendments. However, the claim against defendant Haukins is, at its core, essentially a deprivation of property claim.

The Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. V. However, where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Washington State provides a post-deprivation remedy for the alleged tortious conduct of state employees under RCW 4.92. Thus, any claims pertaining to the loss of plaintiff's personal

REPORT AND RECOMMENDATION - 5

property are not cognizable in this action.

## Defendant C/O Wray

Plaintiff asserts that defendant C/O Wray, a property officer at MCC, refused to allow plaintiff access to his legal work on the grounds that plaintiff is not permitted to have his legal work in restricted housing. (Dkt. 7 at 4.) Plaintiff claims that he is, in fact, permitted to have his legal work and that defendant Wray's refusal to provide it has interfered with plaintiff's ability to access the courts, in violation of his rights under the Fifth and Fourteenth Amendments. (*Id*.)

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court acknowledged that inmates have a constitutional right of meaningful access to the courts premised on the due process clause. *Id*. at 821. The Supreme Court subsequently made clear that in order to adequately allege a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate that he suffered some actual injury to his right of access. *Lewis v. Casey*, 518 U.S. 343 (1996). Plaintiff fails to allege any facts demonstrating that he has suffered an actual injury to his right of access attributable to the conduct of defendant Wray and, thus, plaintiff has not adequately alleged a viable claim for relief against defendant Wray.

## Defendant Sherry Pendergrass

Plaintiff asserts in his amended complaint that defendant Sherry Pendergrass, a correctional counselor at MCC, told plaintiff that she didn't like him and didn't like having to deal with him. (Dkt. 7 at 4.) Plaintiff does not identify the constitutional right he believes was violated by this conduct and, indeed, the facts alleged do not implicate federal constitutional concerns. The Ninth Circuit has held that verbal harassment or abuse is not sufficient to state a claim under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff has alleged nothing more than that Ms. Pendergrass has spoken to him in a manner he finds improper and/or offensive. This

REPORT AND RECOMMENDATION - 6

is not sufficient to state a cognizable claim for relief under § 1983.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), as to defendants Pete Maxson, Louise Stemler, Scott Haukins, C/O Wray, and Sherry Pendergrass for failure of plaintiff to adequately allege any claim upon which relief may be granted. The Court further recommends that plaintiff be permitted to proceed with his claims against defendant Mark Miller. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 2, 2018**.

DATED this 5th day of January, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7