UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH M. ALLEN,

                      Plaintiff,

    v.

MARK MILLER, *et al*.,

                      Defendants.

Case No. C17-1625-JCC-MAT

ORDER DENYING PLAINTIFF'S SECOND APPLICATION FOR COURT-APPOINTED COUNSEL

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's second application for court-appointed counsel. The Court, having reviewed plaintiff's application, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's second application for court-appointed counsel (Dkt. 9) is DENIED. As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding

of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

This Court denied plaintiff's first application for court-appointed counsel on November 13, 2017, upon concluding that plaintiff had not demonstrated his case involved exceptional circumstances sufficient to warrant the appointment of counsel. (*See* Dkt. 5.) Plaintiff, in his current request for appointment of counsel, asserts that he is in maximum custody and does not have access to legal case citations or the Westlaw computers. (Dkt. 9 at 2.) At this juncture, plaintiff's alleged lack of access to legal materials should have no bearing on this case as there are no pending deadlines. And, as was the case when the Court denied plaintiff's previous request for counsel, the record is not yet sufficiently developed for this Court to make any determination regarding plaintiff's likelihood of success on the merits. Plaintiff has not yet demonstrated any exceptional circumstances which would warrant the appointment of counsel, and his second application for court-appointed counsel must therefore be denied.

(2) The Clerk is directed to send copies of this Order to plaintiff and to the Honorable John C. Coughenour.

DATED this 7th day of March, 2018.

Mary Alice Theiler
United States Magistrate Judge