UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH M. ALLEN,

               Plaintiff,

   v.

MARK MILLER,

              Defendants.

Case No. C17-1625-JCC-MAT

ORDER RE: PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion to amend his complaint (Dkt. 31), plaintiff's motion for an extension of time (Dkt. 32), and defendant's motion to seal documents (Dkt. 36).[1] The Court, having reviewed the pending motions, all briefing related thereto, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion to amend his complaint (Dkt. 31) is DENIED. Plaintiff seeks leave to amend his complaint to add Scott Hankins as a defendant in this action. The Court first

---

[1] Plaintiff has also filed a document which he identifies as a "Motion to Keep Exhibit #1 Unsealed." (Dkt. 41.) Plaintiff's motion is more reasonably construed as a response to defendant's motion to seal rather than as an independent motion. Plaintiff's motion is therefore stricken from the Court's calendar.

ORDER RE: PENDING MOTIONS
PAGE - 1

notes that plaintiff's motion is deficient because he failed to submit with his motion a proposed amended complaint. *See* LCR 15. The Court further notes that Mr. Hankins, who was identified as a defendant in both plaintiff's original and first amended complaints, was previously dismissed from this action based on plaintiff's failure to state a cognizable claim for relief against this defendant. So far as this Court can discern from plaintiff's motion, plaintiff is simply seeking to revive the claim against Mr. Hankins which the Court previously found deficient. It would serve no purpose to permit plaintiff to amend under these circumstances.

(2) Plaintiff's motion for an extension of time (Dkt. 32) is DENIED. Plaintiff requests in the instant motion that he be granted a six month extension of time, citing to the fact that the legal computer in his housing unit does not work. Defendant, in his response to plaintiff's motion, states that after plaintiff filed his motion to extend, Department of Corrections employees checked the law library computer in plaintiff's housing unit and verified that it is, indeed, functional. As plaintiff has apparently had ongoing access to the legal computer, and as plaintiff offers no other reason for the requested extension, plaintiff's motion must be denied.

(3) Defendant's motion to seal (Dkt. 36) is GRANTED in part. Defendant seeks to seal an exhibit attached to his declaration in support of his motion for summary judgment. That exhibit consists of twelve pages of sexually explicit "art" which includes nudity as well as depictions of violence, torture and bestiality. Defendant argues that there are compelling penological reasons for preventing public disclosure of these materials; *i.e.*, to protect the safety and security of the Department of Corrections and, more specifically, the Monroe Correctional Complex where plaintiff is currently confined.

There is a strong presumption in favor of public access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Local Civil Rule (LCR) 5(g). A

party seeking to seal such records must overcome this presumption by demonstrating "compelling reasons" sufficient to outweigh the public's interest in disclosure. *Kamakana*, 447 F.3d at 1178-79. The only reason offered by defendant for sealing the exhibit in question is the need to protect the safety and security of the correctional facility. It is not entirely clear how sealing the exhibit furthers that interest given that even if an inmate were able to obtain a copy of the document from the Court records, it is unlikely the document would find its way into the institution given the defendant's stated safety and security concerns.

However, given the extremely graphic and violent nature of many of the drawings, the Court does have concerns about making the drawings a part of the public record particularly where, as here, the Court has not yet had an opportunity to fully evaluate the import of the drawings in the context of defendant's pending summary judgment motion. Accordingly, the Court will permit the drawings to remain under seal at this time, but will re-evaluate this decision at the time it issues its ruling on the pending summary judgment motion.

(4) The Clerk is further directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable John C. Coughenour.

DATED this 5th day of October, 2018.

Mary Alice Theiler
United States Magistrate Judge