THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH M ALLEN,

                Plaintiff,

   v.

MARK MILLER,

               Defendant.

CASE NO. C17-1625-JCC

ORDER

This matter comes before the Court on Plaintiff's objections (Dkt. Nos. 60, 61, 62)[1] to United States Magistrate Judge Mary Alice Theiler's report and recommendation (Dkt. No. 58) regarding Plaintiff's second amended complaint brought under 42 U.S.C. § 1983 (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby ADOPTS the report and recommendation for the reasons explained herein.

I. **BACKGROUND**

Plaintiff Joseph Allen filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in which he alleged that Defendant Mark Miller, an employee of the correctional facility in which

---

[1] Plaintiff has filed further objections (Dkt. Nos. 65, 68) to the underlying report and recommendation (Dkt. No. 58). However, these objections were not filed within 21 days of the date on which the report and recommendation was signed, as required by the report and recommendation. (*See* Dkt. Nos. 58 at 16; 65; 68). Thus, the clerk is DIRECTED to STRIKE these objections (Dkt. Nos. 65, 68) as untimely.

1 Plaintiff is incarcerated, confiscated his artwork in retaliation of Plaintiff filing a Prison Rape Elimination Act ("PREA") complaint against another corrections officer in 2012 and a grievance against Defendant in 2015. (*See generally* Dkt. No. 25.) Defendant moved for summary judgment on the grounds that he is entitled to qualified immunity. (Dkt. No. 38.)

## II. DISCUSSION

### A. Report and Recommendation

Judge Theiler recommends that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint with prejudice because Plaintiff fails to establish facts showing that Defendant's conduct violated a constitutional right—the first element that Plaintiff must establish in order to overcome Defendant's claim of qualified immunity. (*See* Dkt. No. 58 at 2, 8); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Plaintiff alleges three violations of his constitutional rights: (1) a First Amendment retaliation claim; (2) a First Amendment freedom of expression claim; and (3) a Fourteenth Amendment claim for deprivation of personal property. (*See* Dkt. No. 25 at 1–8.) With regard to Plaintiff's first claim, Judge Theiler found that Plaintiff failed to allege facts establishing both that: (1) his protected conduct was the "substantial or motivating factor" behind Defendant's search of his cell and confiscation of his artwork; and (2) Defendant's search did not advance a legitimate correctional goal. (Dkt. No. 58 at 11); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."); *Pratt v. Rowland*, 584 F.3d 1262, 1269 (9th Cir. 1995) (holding that a plaintiff must show that the challenged action did not reasonably advance a legitimate correctional goal to prevail on a retaliation claim).

With regard to his second claim, Judge Theiler found that Plaintiff failed to establish the absence of a legitimate penological interest that is reasonably related to the restriction on Plaintiff's possession of property that either was not his, was violent, or was sexually explicit. (Dkt. No. 58 at 14); *Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a regulation impinges on

inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

With regard to Plaintiff's third claim, Judge Theiler found that Plaintiff is relegated to Washington's post-deprivation remedy provided by Revised Code of Washington § 4.92.100. (Dkt. No. 58 at 15); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); Wash. Rev. Code § 4.92.100. Thus, Judge Theiler found that Plaintiff failed to allege facts that, when drawing all reasonable inferences in Plaintiff's favor, show that Defendant's conduct violated a constitutional right. (Dkt. No. 58 at 6–8.)

**B.      Objections**

Plaintiff makes numerous objections to Judge Theiler's report and recommendation. (Dkt. No. 58.) Specifically, he alleges that: (1) Defendant and others failed to respond to Plaintiff's discovery requests; (2) Defendant lied under oath; (3) there is no legitimate penological interest in the regulation of sexually explicit materials; and (4) Defendant stole Plaintiff's property. (Dkt. No. 60 at 1; *see also* Dkt. No. 61.)

1.      Discovery Objection

Plaintiff's allegations that Defendant failed to respond to his discovery requests are improper at this stage. *See* Fed. R. Civ. P. 37. If Plaintiff wished to compel a response to his discovery requests, as he notes in his objections (*see* Dkt. No. 60 at 1), Plaintiff should have moved to compel discovery under Federal Rule of Civil Procedure 37(a)(3). Plaintiff could have also shown by affidavit or declaration that he was unable to present facts essential to his opposition to summary judgment, due to Defendant's failure to respond, under Federal Rule of Civil Procedure 56(d), but failed to do so. Now, Plaintiff's objections must be "specific written objections *to the proposed findings and recommendations*." Fed. R. Crim. P. 59(b)(2) (emphasis

added). Plaintiff's objections that Defendant failed to respond to his discovery requests do not address the report and recommendation and are untimely.

### 2. Perjury Objection

Plaintiff's second objection also fails to address the deficiencies in his complaint noted by Judge Theiler. Plaintiff argues that Defendant was untruthful both in stating that all of Plaintiff's materials had been destroyed and that Defendant had not been instructed to return Plaintiff's art. (Dkt. No. 60 at 1.) But these objections fail to address that the artwork seized from Plaintiff's cell contained prohibited imagery—graphic depictions of violence and sexually explicit material—and that Defendant advanced a legitimate penological interest by confiscating them. (Dkt. Nos. 37, 58 at 12.)

Plaintiff's objection also fails to address that Plaintiff did not allege facts showing that it was the grievances filed by Plaintiff, rather that the tip received by Defendant, (Dkt. No. 39 at 3), that motivated Defendant's search of Plaintiff's cell. (*See generally* Dkt. Nos. 58, 60.) Plaintiff objects that Defendant was untruthful in his statement that Defendant was unaware of a PREA complaint against another correctional officer, and offers evidence of a department policy noting that correctional unit supervisors may be included on a PREA response team. (Dkt. No. 60 at 2, 12; *see also* Dkt. No. 39 at 2.) This policy does not contradict any statement in the record by Defendant, who stated in his declaration that he "was not aware of any PREA complaint filed by [Plaintiff] . . . . DOC staff members rarely know about PREA complaints as they are confidential." (Dkt. No. 39 at 2.) While Plaintiff offers evidence that correctional staff might be included on the response team to a PREA complaint, he offers nothing to support his allegation that Defendant was aware of the complaint or evidence that establishes a connection between the 2012 complaint and the 2015 dispute over Plaintiff's artwork. (*See* Dkt. No. 58 at 9.) Moreover, none of Plaintiff's objections address that it was the tip received by Defendant that motivated the search of Plaintiff's cell. (*See* Dkt. No. 39 at 3.) For these reasons, this objection does not address the report and recommendation's conclusion that Plaintiff failed to show that Defendant

ORDER
C17-1625-JCC
PAGE - 4

1 violated a constitutional right.

### 3. Legitimate Penological Interest Objection

Plaintiff objects that there is no legitimate penological interest in the prohibition of sexually explicit materials. (Dkt. No. 60 at 6.) Specifically, Plaintiff alleges that sexually explicit materials do not cause conflict within the correctional facility, and are instead prohibited due to female correctional facilities employees' beliefs that sexually explicit materials are disrespectful. (*Id.*) However, Plaintiff did not previously raise a challenge to the validity of Washington regulations which prohibit the possession of sexually explicit or violent materials. (Dkt. No. 58 at 14); *see* Wash. Admin. Code §§ 137-36-020(1), 137-48-020. The Court is therefore not required to consider this new argument. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Further, the Court notes that the objection, taken as true, would not establish the absence of a legitimate penological interest in the prohibition of sexually explicit materials, as it primarily discusses the historical presence of "skinbooks" inside correctional facilities and does not dispute the existence of the legitimate penological interests underlying the regulations prohibiting the possession of sexually explicit materials. (Dkt. No. 60 at 6.) For these reasons, the Court finds that this objection is both untimely and immaterial.

### 4. Property Theft Objection

Plaintiff's final cognizable objection—that Defendant stole his property—again fails to address the pertinent issues. (Dkt. Nos. 60 at 1, 62 at 5.) Plaintiff's conclusory allegations that Defendant committed theft fail to present any factual matter that addresses the legitimacy of the restriction on sexually explicit or violent material or any other deficiency noted in the report and recommendation. With these objections, Plaintiff has not alleged more than "unsupported conjecture or conclusory statements," as he must to defeat summary judgment. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

## III. CONCLUSION

For the above reasons, Plaintiff's objections are OVERRULED. The Court concludes that

Plaintiff's complaint fails to establish any violation of his federal constitutional rights. Thus, Defendant's claims of qualified immunity are substantiated—Defendant has shown that "there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Given the deficiencies in the complaint, the Court concludes that further amendment would be futile and that the claims should be dismissed with prejudice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

Accordingly, the Court ORDERS as follows:

(1) The Court ADOPTS the report and recommendation (Dkt. No. 58);

(2) Defendant's motion for summary judgment is GRANTED (Dkt. No. 38);

(3) The complaint is DISMISSED with prejudice (Dkt. No. 25);

(4) Plaintiff's request for admission from Defendant (Dkt. No. 54) and his request to "put this case back on track" (Dkt. No. 55) are STRICKEN as moot; and

(5) The Clerk is DIRECTED to send a copy of this order to the parties and to Judge Theiler.

DATED this 1st day of April 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE